UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF,<br><br>                 Plaintiff,<br><br>        v.<br><br>MTA KRATZ, et al.,<br><br>                 Defendants. | CASE NO. 1:05-CV-00386-OWW-LJO-P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. 10)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM PAYMENT OF FILING FEE AND DISREGARDING MOTION FOR ADDITIONAL RELIEF IN AMOUNT OF $9,000.00<br><br>(Doc. 11) |

Plaintiff Lonnie Lee Poslof ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 29, 2005, plaintiff filed a motion seeking the appointment of counsel. On June 28, 2005, plaintiff filed a motion seeking relief from payment of the $250.00 filing fee and for additional relief in the amount of $9,000.00.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the

///

likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.[1] Terrell, 935 F.2d at 1017.

With respect to payment of the $250.00 filing fee, prisoners proceeding in forma pauperis must pay the filing fee in full. 28 U.S.C. § 1915(b)(1). Permission to proceed in forma pauperis merely relieves the prisoner from payment of the filing fee in full prior to commencement of the action. 28 U.S.C. § 1915(a). The court cannot relieve plaintiff from his statutory obligation to pay the filing fee in full. Plaintiff's motion shall therefore be denied.

With respect to plaintiff's prayer for $9,000.00 in damages, plaintiff may not amend his prayer for relief in this manner. Amendments may only occur by way of submission of an amended pleadings that is complete within itself without reference to the prior pleading. Local Rule 15-220. However, plaintiff is informed that amendment may not be necessary. Pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." So long as plaintiff's desired amendment pertains to the amount of monetary damages stemming from claims *already alleged in the complaint*, plaintiff need not amend to increase his prayer for damages. However, if plaintiff's proposed prayer for monetary damages stems from a claim *not alleged in the complaint*, amendment is necessary to include the new claim(s).

///

---

[1] The court has not yet screened plaintiff's complaint to determine whether it contains any cognizable claims for relief. 28 U.S.C. § 1915A. The court has many civil cases pending before it and will screen plaintiff's complaint in due course.

Based on the foregoing,

1. Plaintiff's motion for the appointment of counsel, filed April 29, 2005, is DENIED, without prejudice;

2. Plaintiff's motion for relief from payment of the $250.00 filing fee, filed June 28, 2005, is DENIED, with prejudice; and

3. Plaintiff's motion for additional relief in the amount of $9,000.00, filed June 28, 2005, is DISREGARDED.

IT IS SO ORDERED.

**Dated:   July 8, 2005**                          /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE