# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF,<br><br>        Plaintiff,<br><br>    v.<br><br>MTA KRATZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-CV-00386-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 15) |

      Plaintiff Lonnie Lee Poslof ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. By order filed August 8, 2005, the court found that plaintiff's complaint failed to state any claims upon which relief may be granted. The court dismissed plaintiff's complaint and ordered plaintiff to file an amended complaint within thirty days from the date of service of the order. More than thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

      Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

1

1    Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
2    requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
3    (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
4    address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
5    comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
6    failure to lack of prosecution and failure to comply with local rules).
7         In determining whether to dismiss an action for lack of prosecution, failure to obey a court
8    order, or failure to comply with local rules, the court must consider several factors: (1) the public's
9    interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
10   of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
11   (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
12   1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53. In the
13   instant case, the court finds that the public's interest in expeditiously resolving this litigation and the
14   court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of
15   prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from
16   the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522,
17   524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits --
18   is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning
19   to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration
20   of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;
21   Henderson, 779 F.2d at 1424. The court's order requiring plaintiff to file an amended complaint
22   expressly stated: "If plaintiff fails to file an amended complaint in compliance with this order, the
23   court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon
24   which relief may be granted." Thus, plaintiff had adequate warning that dismissal would result from
25   his noncompliance with the court's order.
26        Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to
27   obey a court order, and, for the reasons set forth in the court's August 8, 2005 order, for failure to
28   state any claims upon which relief may be granted.

1  These Findings and Recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
3  **days** after being served with these Findings and Recommendations, plaintiff may file written
4  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  **Dated:    October 25, 2005**                 **/s/ Lawrence J. O'Neill**
    b9ed48                                        UNITED STATES MAGISTRATE JUDGE